IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| PACIFIC RENEWABLE ENERGY SOLUTIONS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>SEDNA AIRE AMERICAS, LLC, ENERGY SPECIALTY SOURCE, LLC, ALAN E. VERHONICH, DAVE R. HEIN, and ROCK W. HENDERSON,<br><br>Defendants. | CIVIL CASE NO. 11-00019<br><br><br>**ORDER AND OPINION** |

This matter is before the court on a Motion to Set Aside Clerk's Default and a Motion to Set Aside Default Judgment filed by Defendants David R. Hein and Rock W. Henderson. Having considered the Parties' arguments and submissions, as well as relevant caselaw and authority, the court hereby **GRANTS** the motions and issues the following opinion.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Pacific Renewable Energy Solutions, Inc. (the "Plaintiff") entered into an exclusive distributor agreement with Defendant Sedna Aire Americas, LLC (" Defendant SAA") for air conditioners that were advertised to use significantly less electricity to cool than conventional air conditioners through solar power. Compl. at ¶¶ 4, 12, 13, ECF No. 1. The Plaintiff alleges that

1

it was induced into expending monies in order to create and develop a new business in which Defendant SAA's air condition units would be the primary product. *Id.* at ¶ 14. According to the Plaintiff, it allegedly made several payments by and through its majority shareholder Western Sales Trading Company to Defendant SAA. *Id.* at ¶ 15. The Plaintiff further alleges that it made additional payments to Defendant SAA, but that these payments, however, were delivered to Defendant Energy Specialty Source, LLC ("Defendant ESS") as a beneficiary. *Id.* at ¶ 16. Plaintiff alleges that Defendant SAA delivered defective goods; Defendant SAA's air condition units were not shipped as promised; and the Plaintiff was induced to design a website for the new business venture and hire a marketing consultant. *Id.* at ¶¶ 11, 20, 14. The Plaintiff further alleges that Defendant Alan E. Verhonich ("Defendant Verhonich"), Defendant Rock W. Henderson ("Defendant Henderson") and Defendant Dave R. Hein ("Defendant Hein") are members of Defendant SAA, while Defendants Henderson and Hein are allegedly members of Defendant ESS. *Id.* at ¶¶ 5, 7. The Plaintiff alleges that Defendants SAA and ESS are limited liability companies organized in the state of Florida, and that Defendants Verhonich, Hein and Henderson are residents of Florida. *Id.* at ¶¶ 3, 6, 8-10.

On June 14, 2011, the Plaintiff commenced this diversity action. *See* Compl., ECF No. 1. The complaint alleges seven (7) causes of action: (1) breach of contract; (2) breach of express warranty; (3) breach of warranty of merchantability and fitness for a particular purpose ; (4) performance of deceptive trade practices under Guam's Deceptive Trade Practices-Consumer Protection Act; (5) intentional misrepresentation; (6) negligent misrepresentation; and (7) unjust enrichment, or in the alternative, constructive fraud or fraudulent conveyance. *Id.*

On July 5, 2011, Defendant Hein was personally served. *See* Summons, ECF No. 8. Defendant Henderson was served on September 28, 2011. *See* Summons, ECF No. 17. Neither Defendants Hein nor Henderson filed a response to the complaint.

On August 8, 2011, default was entered against Defendants SAA, Hein and Verhonich. ECF Nos. 11 and 12. On October 5, 2011, default was entered against Defendant ESS, and on October 28, 2011 default was entered against Defendant Henderson. ECF Nos. 18 and 21.

On November 1, 2011, the Plaintiff moved for default judgment against all named Defendants. *See* Pl.'s Req., ECF No. 22. On November 29, 2011, default judgment in the amount of One Hundred Eighty-Three Thousand Nine Hundred Forty-Two and 04/100 Dollars ($183,942.04) was entered against the Defendants. Default J., ECF No. 25.

On December 13, 2011, Defendants Hein and Henderson moved pro se to set aside the Clerk's Entry of Default pursuant to Fed. R. Civ. P. Rule 55(c). Defs.' Mot. to Set Aside Clerk's Default, ECF No. 27. In opposition to said motion, the Plaintiff contended that Defendants Hein and Henderson had moved under the incorrect rule because default judgment had already been entered. Pl.'s Notice of Failure to Comply with Federal Rules of Civil Procedure, ECF No. 28. The Plaintiff further argued therein that Defendants Hein and Henderson brought their motion purposefully late in order to delay adjudication of the case. The Plaintiff argued that Defendant Henderson waited seventy-six (76) days after he had been served to take any action through the motion to set aside the entry of default, and that such delay was caused by Defendant Henderson himself who had purposefully evaded service of process. The Plaintiff asserted that Defendants Hein and Henderson acted in bad faith in delaying to answer and that such was further evidence of their fraudulent scheme. Furthermore, the Plaintiff indicated that it feared that the Defendants will use any delay they create to hide and transfer assets in Florida to complete their scheme. Finally, the Plaintiff argued that the moving Defendants have no meritorious defenses to support their motion.

On January 30, 2012, Defendants Hein and Henderson moved pro se to set aside the default judgment entered against them, arguing that there is good cause to set aside the default

judgment pursuant to Fed. R. Civ. P. Rule 60(b). Defs.' Mot. to Set Aside Default Judgment, ECF No. 30. Therein, Defendants Hein and Henderson claim they have meritorious defenses; the Plaintiff will not suffer prejudice from the requested relief; and they, as the moving Defendants, did not engage in any culpable conduct. The Plaintiff filed its opposition on February 13, 2012, and Defendants Hein and Henderson subsequently filed their reply pro se on March 30, 2012. *See* Pl.'s Opp'n, ECF No. 31, and Defs.' Reply, ECF No. 33.

On October 23, 2012, the hearing was held on the instant motions. Defendant Hein informed the court that counsel, Attorney Hamlin, had just been retained and requested the court to continue the hearing. *See* Mins., ECF No. 36. The Plaintiff expressed that it would not object to the continuance if Defendants Hein and Henderson did retain Attorney Hamlin; however, the Plaintiff indicated that it would object if Attorney Hamlin's representation was tentative, because the Plaintiff believed that there had been a pattern of using procedural maneuvers to gain delay. In response, Defendants Hein and Henderson indicated that they had signed an agreement with Attorney Hamlin. The hearing was continued to November 15, 2012. *See* Tr., ECF No. 43.

At the hearing held on November 15, 2012, Defendants Hein and Henderson appeared telephonically. Defendant Henderson informed the court that he was unable to access documentation. He further informed the court that they did not have counsel and that they were continuing to proceed pro se. The Plaintiff objected to a continuance of the hearing. The court overruled the Plaintiff's objection and continued the hearing until November 27, 2012 to allow Defendants Hein and Henderson the opportunity to be heard. *See* Mins., ECF No. 42. Defendants Hein and Henderson were ordered to file their documents in support of their motions by November 23, 2012.

Defendants Hein and Henderson did not file any documents by November 23, 2012. Consequently, on November 23, 2012, Plaintiff's counsel filed an objection to the moving

4

Defendants' use of any additional documents at the motion hearing based on their failure to file such. *See* ECF No. 44.

The hearing on the instant motions was conducted January 24, 2013.

## II. ANALYSIS

### A. Legal Standard

A district court may set aside the entry of default upon a showing of good cause pursuant to Fed. R. Civ. P. Rule 55(c). Once a default judgment has been entered, relief must be sought under Fed. R. Civ. P. Rule 60(b). District courts have the discretion to relieve a party from a judgment or order for reason of "mistake, inadvertence, surprise, or excusable neglect" pursuant to Fed. R. Civ. P. Rule 60(b), provided that the party moves for such relief within one year. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001).

The application of Rule 60(b) is committed to the discretion of the district court. *TCI Group*, 244 F.3d at 695. As a general matter, Rule 60(b) is "remedial in nature and ... must be liberally applied." *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984). More specifically, in applying the general terms of Rule 60(b) to default judgments, the Ninth Circuit has emphasized that such judgments are "appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk,* 739 F.2d at 463.

Where a defendant seeks relief under Rule 60(b)(1) based upon "excusable neglect," the court applies the same three factors governing the inquiry into "good cause" under Rule 55(c). These factors, which courts consistently refer to as the "*Falk* factors" are: (1) whether culpable conduct of the defendant led to the default; (2) whether the moving party has no meritorious defense; and (3) whether re-opening the default would prejudice the non-moving party. *Falk*, 739 F.2d at 463. These factors are disjunctive, and the court is free to deny the motion to vacate a default judgment if any of the three factors is true. *American Ass'n of Naturopathic Physicians v.*

*Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000).

It is the movant's burden to show the existence of a justification for Rule 60(b) relief. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). Because Defendants Hein and Henderson are proceeding pro se, the court construes their pleadings liberally. *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001). "The Supreme Court ... has made it clear that pleadings of pro se litigants are to be held to less rigorous standards than those drafted by attorneys." *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1268 (9th Cir. 1992) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Additionally, the Ninth Circuit has stated that "[its] rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010). For these reasons, the court construes the movants' motions and submissions liberally in determining whether they have satisfied their evidentiary burdens.

### B. Culpable Conduct

The Plaintiff argues that Defendants Hein and Henderson (hereinafter referred to collectively as "Defendants") made an intentional, calculated decision not to respond to the Plaintiff's complaint. The Plaintiff contends that the Defendants have met the requisite Ninth Circuit standard for culpability by not responding when they had knowledge of the complaint. The Plaintiff argues that the Defendants' culpability extends further given its contention that Defendant Henderson evaded service on multiple occasions by setting up appointments for service of process then breaking them, ignoring further communications and evading personal service of process until he was eventually found in Georgia.

The Defendants contend that their conduct is excusable rather than culpable. For their part, the Defendants do not deny that they did not file a response in the time allotted for under

6

the rules; rather, they assert they did not do so because they were unable to retain local counsel who did not have a conflict with the Plaintiff's managing director.  The Defendants contend that they contacted approximately six (6) to eight (8) attorneys, and, in support thereof, submitted an email from one (1) firm declining representation because of a conflict of interest.  *See* Defs.' Reply, Ex. C, ECF No. 33.  The Defendants also indicate that they were under the mistaken impression that Defendant Verhonich was responsible for responding to the complaint. In support of this position, the Defendants submitted a draft produced by Defendant Verhonich. *See* Defs.' Reply, Ex. A, ECF No. 33.  According to the Defendants, Defendant Verhonich never followed through as was promised.  The Defendants further contend Defendant Henderson did not purposefully evade service as Defendant Henderson is a resident of Georgia; Defendant Henderson attempted to see if a power of attorney could be appointed to receive the summons; and Defendant Henderson remained in constant communication with the Sheriff's Department attempting to serve the summons.

      The Ninth Circuit defines culpable conduct for Rule 60(b) purposes as conduct for which "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI Group,* 244 F.3d at 698.  As the Ninth Circuit explained:

> Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' under our default cases, and is therefore not *necessarily* – although it certainly may be, once the equitable factors are considered– culpable or inexcusable.

*Id.* at 697-698.  The Ninth Circuit has only found culpability based simply on the failure to answer after being provided with notice in some limited circumstances in which the moving party was "a legally sophisticated entity or individual," and has specifically cautioned against such a finding when the individual was "not a lawyer" and "was unrepresented at the time of the default." *Mesle*, 615 F.3d at 1093.

7

Based on the foregoing, the court finds that the conduct of the Defendants was not culpable. The court finds that although the Defendants plainly did not act wisely, their conduct and explanation of the default are neither devious, deliberate, willful nor indicative of a bad faith failure to respond. The Defendants have made an adequate showing that they had no intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process.

### C. Meritorious Defense

The Ninth Circuit has held that to demonstrate the existence of a meritorious defense, a party must offer up more than mere conclusory assertions but "must present specific facts that would constitute a defense" if the litigation was permitted to proceed. *TCI Group*, 244 F.3d at 700 (quoting *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969)). "A mere denial without facts to support it is not enough to justify vacating a default or default judgment." *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004) (quoting *Madsen*, 419 F.2d at 6).

The Ninth Circuit has noted that the burden on the party moving to vacate a default judgment "is not extraordinarily heavy"; the only requirement is that "a sufficient defense is assertible" and litigation of the claims would not be "a wholly empty exercise." *TCI Group*, 244 F.3d at 700.

> All that is necessary to satisfy the "meritorious defense" requirement is to allege sufficient facts that, if true, would constitute a defense: "the question whether the factual allegation [i]s true" is not to be determined by the court when it decides the motion to set aside the default. Rather, that question "would be the subject of the later litigation."

*Mesle*, 615 F.3d at 1094 (quoting *TCI Group*, 244 F.3d at 700).

In the instant case, the Defendants argue that if given the opportunity to proffer a defense, they will file a 12(b)(1) motion for lack of subject matter jurisdiction, contending that the underlying exclusive distributor agreement, which they submitted as an exhibit, has a binding

8

arbitration clause that is controlling. *See* Defs.' Mot. to Set Aside Default J., Ex., ECF No. 30. The Defendants also claim that the Plaintiff will have to pierce the corporate veil, which will necessitate the application of Florida caselaw, if they want to sue the Defendants in their personal capacities. Finally, the Defendants contend that they have not intermingled their assets with Defendants SAA and ESS.

The Plaintiff contends that it does not matter whether the Defendants intermingled their assets; the Florida legal standard for piercing the corporate veil is irrelevant; and the arbitration clause is unenforceable.

The court finds that, without reaching the full merits of the defense relating to lack of subject matter jurisdiction on the basis of the arbitration clause, the Defendants have at least articulated a valid argument. The Defendants assert that the arbitration clause in the contract at issue here precludes this court from deciding any claims. The Plaintiff, however, counters that Guam law precludes the enforcement of binding arbitration agreements in the sale of goods unless certain circumstances occur. Section 32104(c), Title 5 Guam Code Annotated, states the following:

> An agreement to arbitrate constitutes an important waiver of the right of access to the courts. Therefore, as to any agreement to arbitrate executed after the effective date of this chapter, the agreement to arbitrate any matter arising out of the sale of goods or services for any amount of consideration, or any matter or contingency arising therefrom, shall be treated as a waiver of rights under this chapter, is not binding on any consumer unless there is full compliance both with this section and with this chapter, each party is represented by an attorney, and the agreement to arbitrate is signed by the attorneys representing each of the parties.

The ultimate success of the Defendants' defense is not presently before the court, and so the court declines to make this determination at this time. At this stage, the issue is simply whether further litigation "would not be a wholly empty exercise." *TCI* Group, 244 F.3d at 700. Based on the foregoing and given the preference to have cases decided on the merits, the court believes that the Defendants have met their burden of showing a meritorious defense.

### D. Prejudice

The final factor to consider is whether vacating the default judgment and permitting the Defendants to answer would prejudice the Plaintiff. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying the resolution of a case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" *TCI Group,* 244 F.3d at 701. For a delay to be prejudicial, it must "result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Thompson v. American Home Assurance Company,* 95 F.3d 429, 433–34 (9th Cir. 1996). Being forced to litigate on the merits cannot be considered prejudicial because the plaintiff would have had to litigate the merits of the case had there been no default. *TCI Group,* 244 F.3d at 701.

The parties dispute whether the Plaintiff would suffer prejudice if the court sets aside the entry of default judgment. The Defendants contend that there exists no conceivable prejudice to the Plaintiff. According to the Defendants, there will be ample opportunity for the Plaintiff to seek discovery upon the re-opening of this case; there is no indication that setting aside the default will provide greater opportunity for fraud or collusion; and the delay in their appearance does not rise to the level of prejudice sufficient to outweigh the strong interest in adjudicating disputes on their merits. Defs.' Mot., ECF No. 30. The Plaintiff contends that it has hired law firms and process servers to secure service of process in the case and to enforce proceedings in Florida. The Plaintiff further indicates that it is concerned that the Defendants may have conveyed their property to avoid a collection action.

The court finds the Plaintiff's proffered bases for a finding of prejudice unpersuasive. Granting the Defendants' motions will obviously prejudice the Plaintiff in that the ultimate resolution of the case will be delayed; but, delay alone is insufficient to establish prejudice. In the case at bar, no evidence in the record suggests a real risk that the Plaintiff will not be able to

10

Case 1:11-cv-00019   Document 52   Filed 04/02/13   Page 10 of 12

enforce a judgment entered in this case against the Defendants if the default judgment is set aside. Moreover, the Plaintiff's additional basis for a finding of prejudice—that the delay of this action may have permitted the Defendants to hide or fraudulently convey assets—is unsupported. In the absence of any evidence of such conduct on the Defendants' part, the Plaintiff's argument appears speculative. Accordingly, the court finds that the Plaintiff's ability to pursue its claim will not be hindered by setting aside the default judgment.

Taking all of the factors in consideration, the court hereby finds that the clerk's entry of default and the default judgment entered against Defendants Hein and Henderson should be set aside. The Defendants have met their burden in demonstrating good cause. First, the Defendants' conduct was not culpable. The Defendants made an adequate showing that they had no intention to take advantage of the opposing party, interfere with judicial decisionmaking or otherwise manipulate the legal process. Second, the Defendants met their burden of showing a meritorious defense. Third, the record does not support the conclusion that the Plaintiff would be unduly prejudiced by granting the Defendants' motion to set aside the default judgment. In addition to the three factors discussed above, the Defendants timely moved to set aside the default judgment. Furthermore, the court gives great weight to the established policies favoring resolution of claims on the merits and disfavoring default judgments, especially when a pro se party is the subject of the default.

### **III.    CONCLUSION**

For the reasons set forth above, the court hereby **GRANTS** the Defendants' motions to set aside the clerk's default and default judgment. Specifically, the court orders the following:

1. The underlying entry of default and default judgment entered against Defendants Hein

11

1. and Henderson are hereby vacated;[1] and

2. Defendants Hein and Henderson are ordered to answer or otherwise respond to the complaint no later than April 30, 2013. Failure to do so may result in the court reinstating the default judgment.

**IT IS SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Apr 02, 2013**

---

[1] Defendants Hein and Henderson requested that their motions also apply to Defendant ESS. Pursuant to General Rule 20.1 of the District Court of Guam, a corporation may not appear pro se in a case in this court. Accordingly, the court declines to vacate the default judgment as it relates to Defendant ESS.